**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SERGIO BRISENO-BARCENAS, | No. 19-70733 |
| Petitioner, | Agency No. A205-489-797 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2021**

Before:     GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Sergio Briseno-Barcenas, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We

review for abuse of discretion the denial of a motion to reopen. *Najmabadi v.*

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Briseno-Barcenas's motion to reopen as untimely where the motion was filed more than 90 days after the final order of removal, and where Briseno-Barcenas failed to demonstrate a material change in country conditions in Mexico to qualify for the regulatory exception to the time limitation for filing a motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2), (3)(ii); *Najmabadi*, 597 F.3d at 990-91 (BIA did not abuse its discretion in denying motion to reopen where evidence of general country conditions was not material to petitioner's claim).

We lack jurisdiction to review the BIA's denial of sua sponte reopening, where Okoth has not raised a legal or constitutional error. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." (citation and internal quotation marks omitted)).

As stated in the court's June 19, 2019 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.

2                                                                    19-70733